```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SURAUDEEN AGBAJE,                       :
                     Plaintiff,         :
                                        :      09 Civ. 6201 (DLC)
          -v-                           :
                                        :      MEMORANDUM OPINION
IBRAHIMA BAH, OUSMANE TUNKARA,          :          AND ORDER
CASSANDRA CONTAINER LINES, and ADIL     :
BHATTI (ADAMS),                         :
                                        :
                     Defendants.        :
                                        :
----------------------------------------X
```

APPEARANCES:

For Plaintiff:

Victor N. Okeke
Victor N. Okeke, P.C.
3550 White Plains Road
Suite 7
Bronx, NY 10467

DENISE COTE, District Judge:

    On July 10, 2009, plaintiff Suraudeen Agbaje ("Agbaje") filed this action against Ibrahima Bah ("Bah") and others.  The claims against the other defendants were dismissed through an October 6, 2009 stipulation and February 3, 2010 Order.  On November 16, 2009, the Court entered a default against Bah.  On February 3, 2010, the matter was referred to the Honorable Ronald L. Ellis for an inquest and Report and Recommendation ("Report") as to damages.  Magistrate Judge Ellis issued his Report on December 23, 2010.  Neither party has submitted

objections to the Report.  For the following reasons, the Report's recommendations are adopted and judgment entered against Bah.

## BACKGROUND

In early September 2008, Agbaje delivered a consignment to Bah in Bronx County, New York, that was to be shipped to Lagos, Nigeria.  According to Agbaje, the consignment consisted of four automobiles and an assortment of other items, including auto parts, building materials, and miscellaneous personal items.

After receiving Agbaje's consignment, Bah disappeared and the consignment never reached its intended destination.  During an ensuing search, Agbaje learned that Cassandra Container Lines ("Cassandra") had shipped a container for Bah to Conakry, Guinea.  Cassandra refused to discuss the container with Agbaje until it received additional payments.  Agbaje sent two money orders to Cassandra totaling $5,400.  The consignment was never found, and on July 10, 2009, Agbaje filed this action.

## DISCUSSION

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only

2

satisfy itself that there is no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364 (PAC), 2006 WL 3804581, at 1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Report correctly applied the rule that, "[u]nder New York law, damages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 196 (2d Cir. 2003). The Report recommends awarding $41,000 in compensatory damages for the loss of three of the four automobiles in Agbaje's consignment. The Report recommends that Agbaje receive no damages for the fourth lost automobile, a 2000 Dodge. Agbaje submitted a receipt indicating the price he paid for the Dodge in March 2007, but in his Amended Complaint and Affidavit, he states that the Dodge was "inoperable" and "slightly damaged" when it was consigned in September 2008. Since there is no evidence that the Dodge was inoperable or damaged when it was purchased, the purchase price is an inadequate measure of Agbaje's damages. Accordingly, the Report recommends awarding no damages for the Dodge because its value at the time of its consignment cannot be determined with reasonable certainty.

The Report also recommends that Agbaje receive no damages for the auto parts, building materials, and other miscellaneous

personal items he claims to have consigned to Bah, because there is insufficient evidence to determine damages for these items.

The Report recommends awarding $5,400 in compensatory damages for shipping fees Agbaje paid to Cassandra. The Report recommends that Agbaje receive no award for a cash deposit he claims to have paid to Bah, because there is insufficient evidence that such a payment was made.

The Report also recommends that no damages be awarded to Agbaje for: (1) his efforts to find his missing consignment; (2) costs he incurred in storing his automobiles prior to their consignment with Bah; (3) pain and suffering; and (4) attorney's fees.

In sum, the Report recommends that Agbaje be awarded $41,000 in compensatory damages for the loss of his automobiles, $5,400 in compensatory damages for shipping fees he paid to Cassandra, and $350 in costs. Perceiving no error in the Report's recommendations, judgment will be entered against Bah in the amount recommended.

## CONCLUSION

The December 23, 2010 Report is adopted. The Clerk of Court shall enter judgment against Bah for $46,750 and close the case. The parties' failure to file written objections precludes

4

appellate review of this decision.  See <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).

SO ORDERED:

Dated:   New York, New York
         March 25, 2011

                                                DENISE COTE
                             United States District Judge